IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ONB RIDGE VILLA ONE, LLC<br>109 W. Clinton St.<br>Howell, MI 48843<br><br><br><br>                                    Plaintiff,<br><br>         v.<br><br>DEEP BAY GREEN CORPORATION<br>c/o Statutory Agent David B. Snider<br>9555 Vista Way #200<br>Garfield Heights, Ohio 44125<br><br>and<br><br>David B. Snider<br>38660 Hunting Hill Farm Dr.<br>Chagrin Falls, OH 44022-6688<br><br><br>                                    Defendant. | CASE NO.<br><br>JUDGE<br><br>**COMPLAINT FOR MONEY DAMAGES**<br><br><br>**[JURY DEMAND ENDORSED HEREON]** |

Plaintiff ONB Ridge Villa One, LLC, by and through counsel, states for its Complaint against Defendants Deep Bay Green Corporation and David B. Snider as follows:

**THE PARTIES**

1.     Plaintiff ONB Ridge Villa One, LLC ("Plaintiff") is a Michigan Limited Liability Company with its principal place of business located in Howell, Michigan.

2.     Defendant Deep Bay Green Corporation ("Deep Bay") is an Ohio Corporation with its principal place of business located in Garfield Heights, Ohio.

1

3. Defendant David B. Snider ("Snider") is an individual who resides in Cuyahoga County, Ohio.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 USC §1332(a)(1) because there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in this Federal District because the Defendants reside or work in this District.

## GENERAL ALLEGATIONS

6. On April 8, 2011, Plaintiff and Deep Bay entered into a written Contract ("Contract") under which Deep Bay agreed to furnish all labor, material, shipping and project management necessary to effectuate the construction of the home on the property owned by Plaintiff known as Ridge Villa 1 at the Oil Nut Bay Development, Virgin Gorda, British Virgin Islands. A true and accurate copy of the Contract is attached hereto as **Exhibit A**.

7. Following execution of the Contract between the parties, Deep Bay committed a myriad of material breaches of it including, but not limited to the following:

   a. Failing to complete construction in 395 days;

   b. Exceeding the costs authorized by the Contract and the subsequent change order;

   c. Failing and refusing to properly manage the project resulting in grotesque delays;

   d. Failing and refusing to timely to pay contractors performing services and providing materials for the construction of the home.

8. Following Snider's execution of the Contract on behalf of Deep Bay, he proceeded to act in his own personal interest, as opposed to Plaintiffs, by, among other things engaging in the following unlawful, improper, and fraudulent activities:

2

a. Converting $1,566,812.50 of Plaintiff's funds obtained from draws from Plaintiff for his own personal use, rather than the construction of Plaintiff's home;

b. Issuing fraudulent statements regarding the progression of the project including that it was proceeding as specified in the Contract;

c. Issuing fraudulent statements that the home would be completed within 395 days as called for in the Contract;

d. Issuing fraudulent statements that more construction activity had occurred on the project then had actually occurred at the time of issuance of the statement;

e. Issuing fraudulent statements that the $2,381,669.00 received from Plaintiff was used for construction of Plaintiff's home when, in fact, only $814,856.51 was used for Plaintiff's project and the remaining $1,566,812.50 was used by Snider for construction of his home in Oil Nut Bay; and

f. Issuing fraudulent statements regarding the necessity of additional draws and the subsequent application of those draws when, in fact, the draws were not necessary for the construction of Plaintiff's home.

## **COUNT I – BREACH OF CONTRACT – DEEP BAY**

9. Plaintiff incorporates paragraphs 1 through 8 of this Complaint as if fully set forth herein.

10. Plaintiff and Deep Bay entered into a Contract pursuant to which Deep Bay agreed to furnish all labor, materials, shipping and project management necessary to effectuate the construction of the home known as Ridge Villa One at the Oil Nut Bay Development, Virgin Gorda, British Virgin Islands. *See* Exhibit A.

11. Deep Bay committed several material breaches of the Contract including, but not limited to, the following:

3

    a.    Failing to complete construction in 395 days;

    b.    Exceeding the costs authorized by the Contract and the subsequent change order;

    c.    Failing and refusing to properly manage the project resulting in grotesque delays; and

    d.    Failing and refusing to timely to pay contractors performing services and providing materials for the construction of the home.

12. Plaintiff performed all conditions precedent to the enforcement of the Contract with Deep Bay.

13. As a direct and proximate result of Deep Bay's breach of the parties' Contract, Plaintiff suffered damages in excess of $75,000.00, exclusive of costs and attorney fees.

## COUNT II – CONVERSION – SNIDER

14. Plaintiff incorporates paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15. As fully described above, Snider knowingly and unlawfully converted $1,566,812.50 in funds received from draws from Plaintiff by using the funds for his own personal use.

16. As a direct and proximate result of Snider's conversion, Plaintiff has been damaged in the amount of $1,566,812.50.

## COUNT III – FRAUD AND MISREPRESENTATION – SNIDER

17. Plaintiff incorporates paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. Snider made material representations to Plaintiff regarding the transaction out of which this cause of action arises, including, but not limited to, the following:

4

    a.    That the $2,381,669.00 he obtained from Plaintiff pursuant to draws was used for the construction of Plaintiff's home;

    b.    That the $2,381,669.00 obtained from Plaintiff was necessary for the construction of Plaintiff's home;

    c.    The construction of Plaintiff's home was progressing as planned and would be completed within 395 days;

    d.    Issuing 14 draw requests to Plaintiff, the last of which was issued in June 2012 (**Exhibit B**), alleging purported amounts paid to contractors for construction of Plaintiff's home, additional balance to be paid to complete the project and percentage of work completed for each identified activity when, in fact, with the exception of engineering and permits, none of the amounts stated had been paid in the amount indicated and none of the activities were completed to the percentage indicated with no work was ever performed regarding roof framing, roofing, windows, doors, exterior stone, railings, electrical, plumbing, or HVAC; and

    e.    On or about September 5, 2012, Snider informed Plaintiff's managing member, Steven Bearden, that $2,351,149.00 had been paid for services and materials related to Plaintiff's project as of that date, that the project was more than 75% completed as indicated on the June 2012 draw request, and though some of the materials ordered and paid for had not been received yet, the materials had to be paid for "well ahead of time" to assure their timely delivery to the British Virgin Islands.

19.    The above material representations, and others, were false when made.

20.    Snider knew or believed the forgoing representations were false or made them recklessly.

5

21. Snider intended to induce Plaintiff to rely on each of the forgoing misrepresentations.

22. Plaintiff relied on each of these misrepresentations to its detriment, including, but not limited to, by providing Snider $2,381,669.00 for construction of its home.

23. Plaintiff suffered substantial damages in excess of $75,000.00 as a direct and proximate result of Snider's material misrepresentations.

### COUNT IV – UNJUST ENRICHMENT – SNIDER

24. Plaintiff incorporates paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. As described above, Snider converted $1,566,812.50 of Plaintiff's funds that he was not entitled to.

26. Snider, therefore, has been unjustly enriched as a consequence of converting and retaining funds that he is not entitled to, and refusing to repay Plaintiff despite its requests for repayment. (**Exhibit C**).

### COUNT V – FRAUD BY OMISSION – SNIDER

27. Plaintiff incorporates paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. As described throughout, Snider withheld important information from Plaintiff in an effort to disguise and conceal his conversion of Plaintiff's funds for his personal use.

29. Snider committed fraud by concealing, among other things, that he was using the monies received from Plaintiff for construction of Plaintiff's home for his own personal use, including construction of his home in Oil Nut Bay, that the money he received from draws was not paid to contractors for services and materials for construction of Plaintiff's home as indicated in the draw requests, and that the percentage of work completed stated on the draw requests

6

issued was false as minimal activity had actually occurred regarding the construction of Plaintiff's home.

30. Plaintiff reasonably relied on such misrepresentations and concealments.

31. As a proximate cause of Snider's fraudulent concealment, Plaintiff was damaged in excess of $75,000.00, plus costs, interest, and attorney fees.

32. Snider's conduct is, and has been at all times, willful, wanton and malicious, and Plaintiff is, thus entitled to punitive damages.

## COUNT VI – VIOLATION OF OCSPA – DEEP BAY

33. Plaintiff incorporates paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. Plaintiff is a "consumer" under R.C. § 1345.01(D) of the Ohio Consumer Sales Practices Act ("OCSPA").

35. Deep Bay is a "supplier" under R.C. § 1345.01(C) of the OSCPA.

36. The Contract between Plaintiff and Deep Bay is a "consumer transaction" under R.C. § 1345.01(A) of the OSCPA. *See* Exhibit A.

37. Deep Bay knowingly committed unfair, deceptive and unconscionable acts in connection with the Contract.

38. Specifically, the conduct set forth throughout this Complaint establish that Deep Bay violated R.C. § 1345.02(B)(5) and R.C. § 1345.03(A) of the OSCPA.

39. As a result of Deep Bay's violations of the OSCPA, Plaintiff is entitled to recovery economic damages, in excess of $75,000.00, plus three times the amount of Plaintiff's actual economic damages pursuant to R.C. § 1345.09(A)-(B), as well as attorney fess pursuant to R.C. § 1345.09(F)(2).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants Deep Bay and Snider as follows:

A. On Count I of the Complaint, compensatory damages against Deep Bay and in favor of Plaintiff in excess of $75,000.00, plus costs, interest, and attorney fees.

B. On Count II of the Complaint, compensatory damages against Snider and in favor of Plaintiff in the amount of $1,566,812.50, plus costs, interest, punitive damage,s and attorney fees.

C. On Count III of the Complaint, compensatory damages against Snider and in favor of Plaintiff in an amount in excess of $75,000.00, plus costs, interest, punitive damages, and attorney fees.

D. On Count IV of the Complaint, compensatory damages against Snider and in favor of Plaintiff in an amount in excess of $75,000.00, plus costs, interest, and attorney fees.

E. On Count V of the Complaint, compensatory damages against Snider and in favor of Plaintiff in an amount in excess of $75,000.00, plus costs, interest, punitive damages, and attorney fees.

F. On Count VI of the Complaint, economic damages against Deep Bay and in favor of Plaintiff in an amount in excess of $75,000.00, plus treble damage, attorney fees, costs and interest.

G. Any other relief this Court deems just.

## JURY DEMAND

Plaintiff demands a trial by jury.

8

| | |
|---|---|
| Of Counsel: | Respectfully submitted, |
| Ryan Lee Perry (MI P55545)<br>rperry@gmhlaw.com<br>GIARMARCO, MULLINS & HORTON, P.C.<br>101 W. Big Beaver Road<br>10th Floor<br>Troy, MI  48084<br>Telephone:  248.457.7000 | /s/ *Christine M. Garritano*<br>Christine M. Garritano (Ohio 0078423)<br>cgarritano@ralaw.com<br>ROETZEL & ANDRESS, LPA<br>1375 East Ninth Street<br>One Cleveland Center<br>Ninth Floor<br>Cleveland, OH 44114<br>Telephone: 216.623.0150<br>Facsimile: 216.623.0134<br><br>*Attorneys for Plaintiff ONB Ridge Villa One, LLC* |

9