UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

ONB RIDGE VILLA ONE, LLC,  :
 :
: CASE NO. 1:13-cv-00415
Plaintiff, :
 :
v. : OPINION & ORDER
: [Resolving Docs. 7, 11.]
DEEP BAY GREEN CORP., *et al.*, :
 :
Defendants. :
 :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This is a case about multi-million-dollar homes—two in the British Virgin Islands and one in Ohio. Plaintiff ONB Ridge Villa One, LLC ("ONB") says that defendants Deep Bay Green Corporation ("Deep Bay") and David B. Snider, its owner, defrauded it. Plaintiff alleges that it paid approximately $1.5 million for the construction of a home in the British Virgin Islands ("BVI") but Deep Bay and Snider wrongly used the money for the construction of Snider's own BVI home.[1] Snider moves the Court to dismiss him from the lawsuit saying that he is not subject to personal jurisdiction in Ohio and that venue is not proper here.[2] Because the Court finds that Snider is an Ohio resident, the Court **DENIES** Snider's motion. Further, the Court **DENIES** ONB's motion to conduct jurisdictional discovery as moot.

I.

According to the Complaint, ONB contracted with Deep Bay for Deep Bay to build a home on property owned by ONB in Virgin Gorda in the British Virgin Islands.[3] ONB says that it paid $2,381,669.00 under the contract but that Snider diverted $1,566,812.50 of that money to the

---

[1][Doc. 1.]

[2][Doc. 7.]

[3][Doc. 1 at 2.]

Case No. 1:13-cv-00415
Gwin, J.

construction of his own BVI home.[4/] ONB sues Deep Bay under the contract and for violating the Ohio Consumer Sales practices Act.[5/] ONB sues Snider individually for conversion, fraud and misrepresentation, and unjust enrichment.[6/]

Snider moves to dismiss saying that this Court does not have personal jurisdiction over him and that venue is not proper in this district.[7/] Snider says that he is a resident of California, owns no real property in his name in Ohio, and that while he owns Deep Bay, Deep Bay is a BVI corporation with no physical presence in Ohio.[8/]

ONB disputes Snider's arguments. ONB says that Snider represented himself as an Ohioan doing business through Deep Bay in Ohio.[9/] ONB presents three pieces of evidence: A newspaper article about Snider's Ohio home, Snider's divorce filing, and a sworn statement from a former Deep Bay employee. The Court summarizes this evidence in turn.

First, ONB files a May 8, 2013 article of *The Wall Street Journal*'s "House of the Day" that shows Snider's Hunting Valley, Ohio house.[10/] The article's caption reads:

> The owners, David Snider, 49, and Robin Snider, 52, purchased this property through a trust in the affluent town of Hunting Valley in northeast Ohio for about $1.75 million in 2002, according to public records. Built in 1916, the French Normandy-style home has had significant upgrades installed, Mr. Snider says,

---

[4/][Doc. 1 at 2.]

[5/][Doc. 1.]

[6/][Doc. 1.]

[7/][Doc. 7.]

[8/][Doc. 7-2.]

[9/][Doc. 10.]

[10/][Doc. 10-1.]

Case No. 1:13-cv-00415
Gwin, J.

including an additional 3,000 square feet.[11/]

The article quotes Snider, "the open-floor plan in the kitchen and adjoining great room is especially accommodating considering how often family and friends from nearby Cleveland visit. 'We always have a lot of kids over,' [Snider] said."[12/] Snider also says that Snider controls the sale of the property and has bought many of the surrounding areas to protect them from development.[13/] Finally, Snider tells the newspaper that the couple plans to sell the house to move to California.[14/] Snider listed it for sale in August 2012 and it remains unsold.[15/]

Second, ONB files Robin A Snider's Complaint for Divorce against Defendant Snider and Snider's April 26, 2012, service of David Snider's Ohio corporations, including Deep Bay. Robin Snider filed the Ohio Divorce Complaint four months before the Couple apparently listed the home for sale.[16/] The Divorce Complaint says that Robin Snider's address is the Hunting Valley, Ohio, home and David Snider's address is nearby in Chagrin Falls, Ohio. The Divorce Complaint says

---

[11/]Doc. 10-1 at 1. The article goes on to note that the house is listed at $2,995,000.

[12/][Doc. 10-1 at 5.]

[13/][Doc. 10-1 at 15, 21.] In particular, the article notes:

> There is been a tradition of passing down the dining room table from owner to owner, Mr. Snider says. He plans to include the table in the sale, along with a number of other personal touches, like a large bell they used for calling the kids to dinner.

Later, the article notes:

> The main house includes five bedrooms and six bathrooms, according to the listing agent. French doors lead out to a balcony overlooking the grounds. Part of the perks of owning this large swatch of land, Mr. Snider said, is that further development is prevented on the property, ensuring that their wooded views will be protected.

[14/][Doc. 10-1 at 25.]

[15/][Doc. 10-1 at 27.]

[16/][Doc. 10-2 at 1.]

-3-

Case No. 1:13-cv-00415
Gwin, J.

Defendant Deep Bay's address is Garfield Heights, Ohio.[17] In an affidavit attached to the complaint, Robin Snider says that she and David Snider share an interest in the Hunting Valley home.[18] Robin Snider's affidavit says Snider has resided in Chagrin Falls and "Defendant Snider has been absent voluntarily for more than thirty consecutive days from the marital home located at . . . Hunting Valley, Ohio."[19]

Finally, ONB files the Ray Orsine's sworn statement. Orsine acted as the project manager for the construction of ONB's Virgin Islands home.[20] Orsine says that while he worked for Deep Bay, Snider was a resident of Ohio and that he personally went to Snider's Hunting Valley home.[21]

**II.**

A challenge to this Court's personal jurisdiction triggers a two-part inquiry. First, a Plaintiff "must demonstrate that both due process and Ohio's long-arm statute are satisfied."[22] But,

> [i]t is axiomatic that Ohio courts can exercise jurisdiction over a person who is a resident of Ohio. Accordingly, if [the defendant is an] Ohio resident[], there is no need to analyze whether [he or she is] also subject to jurisdiction pursuant . . . Ohio's long-arm statute.[23]

In assessing residency, the touchstone is "the intent to remain permanently in Ohio."[24]

Second, if the plaintiff makes a *prima facie* showing of personal jurisdiction under the forum

---

[17] [Doc. 10-2 at 1-2.]

[18] [Doc. 10-2 at 9-10.]

[19] [Doc. 10-2 at 18.]

[20] [Doc. 10-3 at 1.]

[21] [Doc. 10-3 at 1.]

[22] *Schneider v. Hardesty*, 669 F.3d 693, 699 (6th Cir. 2012).

[23] *Prouse, Dash & Crouch, L.L.P. v. DiMarco*, 876 N.E.2d 1226, 1228 (Ohio 2007).

[24] *Conn v. Zakharov*, 667 F.3d 705, 715 (6th Cir. 2012).

-4-

Case No. 1:13-cv-00415
Gwin, J.

state long-arm statute, the Court considers whether the exercise of jurisdiction comports with constitutional due process.[25/] "[F]or a non-resident defendant to be subject to the general jurisdiction of the forum state, his contacts with that state must be 'continuous and systematic.'"[26/] But where the defendant "is an Ohio resident it is also unlikely that finding jurisdiction on this basis would violate Due Process requirements."[27/]

The plaintiff bears the burden of establishing jurisdiction by preponderance of the evidence.[28/] The court "must consider the pleadings and affidavits in the light most favorable to the plaintiff."[29/]

### III.

On the record before the Court, ONB has established by preponderance of the evidence that Snider is an Ohio resident. Defendant Snider does not contest that he owned—albeit through some trust entity—and lived in the Hunting Valley home and that he raised his children there. Thus, at some point, Snider was a resident of Ohio. On this point, the evidence is not in conflict.

The question then becomes whether Snider ever ended his Ohio residency. "[A] person's status as an Ohio resident is terminated when [his] actions manifest [his] intent to make [his] home in another state."[30/] The record before the Court yields only two pieces of evidence to so suggest: Snider's statement to *The Wall Street Journal* that he and his wife were selling the Hunting Valley

---

[25/]*Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007).

[26/]*Conn*, 667 F.3d at 713.

[27/]*Id.* at 714.

[28/]*Id.* at 711.

[29/]*Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980); *see also Conn*, 667 F.3d at 711.

[30/]*DiMarco*, 876 N.E.2d at 1229.

-5-

Case No. 1:13-cv-00415
Gwin, J.

property to move back to California and his own declaration that he is now a California resident. These are insufficient to so prove: First, Snider's intention to move to California with his wife may well have changed. Second, Snider offers no documentation of his purported California residency—no lease, no driver's license, no tax returns, no employment.[31] Third, to the contrary, Snider's former employee says that he is an Ohio resident. Finally, the couple's divorce paperwork specifies no real property holdings in California. On these facts, no objective evidence indicates that Snider has manifested an intent to move to California and live there indefinitely.

And this is also not the rare case where this Court's exercise of personal jurisdiction over an Ohio resident would violate principles of due process. Snider's holdings in Ohio, including his residence indicate that he could reasonably foresee being hailed into court here. Moreover, Snider's former employee's says that Snider held himself out as an Ohio resident during the BVI construction projects. To now call him to account for actions taken during the project in Ohio hardly seems to violate principles of fair play—only the contrary would.

Finally, the Court also finds that venue is proper here. Snider's only claimed basis for opposing venue is that he is not a resident of Ohio and thus not subject to personal jurisdiction here. But 28 U.SC. § 1391(b)(1) provides for venue in "[a] judicial district in which any defendant resides, if all defendants are residents fo the state in which the district is located." Since Snider resides in Ohio and Deep Bay has not contested this Court's jurisdiction over it (although it appears that Plaintiff has not yet served Deep Bay), the Court finds venue proper at this time.

**IV.**

Because the exercise of jurisdiction comports with Ohio's residency principles and due

---

[31]/These are among the factors considered in Ohio Revised Code 3333.31, which the Ohio Supreme Court found "instructive" for purposes of determining residency. *See id.* at 1230.

Case No. 1:13-cv-00415
Gwin, J.

process, the Court **DENIES** the Snider's motion to dismiss.  Further, the Court **DENIES** ONB's motion to conduct jurisdictional discovery as moot.

    IT IS SO ORDERED


Dated: August 7, 2013            s/      *James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE