UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                   :
ONB RIDGE VILLA ONE, LLC           :          CASE NO. 1:13-cv-415
                                                   :
                Plaintiff,                   :
                                                   :
v.                                                  :          ORDER & OPINION
                                                   :          [Resolving Doc. Nos. 46, 50, 53]
DEEP BAY GREEN CORP. &              :
DAVID B. SNIDER                        :
                                                   :
                Defendants.                :
                                                   :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       This is a case about multi-million dollar homes in the British Virgin Islands ("BVI"). Plaintiff ONB Ridge Villa One, LLC hired Defendants Deep Bay Green Corporation ("Deep Bay") and David B. Snider to construct a house at the Oil Nut Bay Development on Virgin Gorda. Defendant Snider now moves for summary judgment.[1] For the reasons that follow, the Court **DENIES** Defendant's motion for summary judgment.

## I. Background

       With its complaint, Plaintiff ONB Ridge Villa One says that Defendants Deep Bay and Snider defrauded it. Plaintiff says that it paid about $1.5 million for the construction of a home in the BVI, but that Deep Bay and Snider wrongly used the money for the construction of another

---

[1] Docs. 46; 53.

Case No. 1:13-cv-415
Gwin, J.

Snider BVI home.[2/] Snider never completed constructing Plaintiff's house.

Specifically, ONB says that it paid $2,381,669 under a contract with Deep Bay, but that Snider diverted $1,566,812.50 of that money to the construction of another BVI home.[3/] ONB says that, at the same time, Snider misrepresented that money Plaintiff wired was being used for the purchase of windows, doors, roofing material, and stone.[4/] Plaintiff says that Snider never made such deposits, bought such materials, or kept the construction on track as Snider had represented.[5/] And, Plaintiff says Snider never told Plaintiff's agents what Plaintiff's money was actually being used for.[6/]

ONB sues Deep Bay under the contract and for violating the Ohio Consumer Sales Practices Act.[7/] ONB sues Snider individually for conversion, fraud and misrepresentation, fraud by omission, and unjust enrichment.[8/]

Defendant Snider moves for summary judgment on the fraud counts against him.[9/] Plaintiff ONB opposes.[10/] This motion is now ripe for decision.

## II. Legal Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is only proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no

---

[2/] Doc. 1 at 2.
[3/] Id.
[4/] Docs. 50-6 at 2; 50-7 at 2.
[5/] Doc. 1 at 2-7.
[6/] Id.
[7/] Id.
[8/] Id.
[9/] Docs. 46; 53.
[10/] Doc. 50.

Case No. 1:13-cv-415
Gwin, J.

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[11] When considering a motion for summary judgment, a court will view the facts and all reasonable inferences from those facts in favor of the non-moving party.[12]

### III. Law and Analysis

Defendant Snider moves for summary judgment on Counts III (fraud and misrepresentation) and V (fraud by omission).[13] The Court will consider his arguments with regard to each of these counts in turn.

### A.  Fraud and Misrepresentation

Defendant Snider says that Plaintiff cannot establish a claim under Ohio law against him for fraud and misrepresentation.[14]

To establish a claim for fraud and misrepresentation under Ohio law, a plaintiff must establish:

> (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a

---

[11] *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of plaintiff's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A fact is material if its resolution will affect the outcome of the lawsuit." *Martingale, LLC v. City of Louisville*, 361 F.3d 297, 301 (6th Cir. 2004). In responding to a summary judgment motion, plaintiffs "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (internal quotation marks omitted). Ultimately the Court must decide "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Martingale*, 361 F.3d at 301 (citation omitted).

[12] *Thomas v. Cohen*, 453 F.3d 657, 600 (6th Cir. 2004).

[13] Doc. 46.

[14] Doc. 46-1.

-3-

Case No. 1:13-cv-415
Gwin, J.

resulting injury proximately caused by the reliance.[15]

Specifically, Defendant Snider says that Plaintiff cannot hold him liable in tort for breach of contract claims.[16] Defendant says he cannot be held liable for opinions about future events.[17] He also says that Plaintiff cannot establish justifiable reliance because the Plaintiff had been regularly informed both orally and through emails about the status of the construction and that Plaintiff failed to use reasonable diligence in reviewing the information and documentation that was provided to it.[18] These arguments lose.

### 1. Breach of Contract

Generally, where a breach of contact action lies under Ohio law, tort damages are redundant and courts will not permit a fraud action.[19] Here, however, Plaintiff has no breach of contract action against Defendant Snider personally, but rather only against Defendant Deep Bay Green Corporation. Therefore, tort damages are not redundant and Ohio law does not preclude Plaintiff's fraud claims against Defendant Snider.[20]

### 2. Material Misrepresentation

Plaintiff has some evidence that Defendant Snider made specific misrepresentations about the progress of the construction and what he was doing with Plaintiff's wired money. The affidavits

---

[15] *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St.3d 54, 55 (1987) (citing *Burr v. Stark County Bd. of Comm'rs*, 23 Ohio St.3d 69, 73 (1986)).

[16] Doc. 46-1 at 7-8.

[17] *Id.*

[18] *Id.* at 8-9

[19] *See Med. Billing, Inc. v. Med. Mgmt. Sciences, Inc.*, 212 F.3d 332, 339 (6th Cir. 2000).

[20] *See Onyx Envtl. Svcs., LLC v. Maison*, 407 F. Supp. 2d 874, 877 (N.D. Ohio 2005) ("[T]he mere existence of a plaintiff's inchoate cause of action against one party for breach of contract does not foreclose an action in tort against another party." (quoting *Davison Fuel & Dock Co. V. Pickands Mather & Co.*, 54 Ohio App. 2d 177. 182 (Ohio Ct. App. 1977)) (alteration in the original)).

-4-

Case No. 1:13-cv-415
Gwin, J.

of Joseph Mosey, an architect, and Lucy Earl, an interior designer – both retained to work on the construction of Plaintiff's house – indicate that Defendant Snider assured them he would use Plaintiff's wired money to place deposits for the purchase of windows, doors, roofing material, and stone.[21] These affidavits further indicate, however, (1) that such materials could not have been purchased without the input of Mosey and Earl and (2) that Mosey and Earl never participated in the ordering process.[22] To Mosey and Earl's knowledge, Defendant Snider never placed the order for these materials as he stated he had.

Furthermore, Jacquelin Moody and Denise Moilanen, who both were involved with the wealth management for the trust that owns Plaintiff, submitted affidavits stating that Defendant Snider always confirmed that the construction of Ridge Villa One was beginning on time and on budget and often stated that the money received from Plaintiff's draws was being used to send checks and wires to suppliers to purchase materials for the construction of Ridge Villa One.[23] Steven Bearden, the husband of the co-trustee for the trust that owns Plaintiff, submitted an affidavit making similar assertions.[24]

The statements of Defendant Snider are beyond opinions about future events, but rather describe actions that Defendant Snider supposedly had done. Because there is evidence to suggest that Plaintiff's funds were not used in the way that Defendant Snider arguably represented, a jury could conclude that Defendant Snider made material misrepresentations to Plaintiff's agents.

---

[21] Docs. 50-6 at 2; 50-7 at 2.
[22] Docs. 50-6 at 2; 50-7 at 2.
[23] Docs. 50-5 at 2; 50-9 at 2.
[24] *See* Doc. 50-10 at 2.

-5-

Case No. 1:13-cv-415
Gwin, J.

### 3. Justifiable Reliance

The question of justifiable reliance requires an inquiry into the relationship between the parties.[25] Reliance is justified if the representation does not appear unreasonable on its face and if, under the circumstances, there is no apparent reason to doubt the veracity of the representation.[26]

Here, Plaintiff has evidence that Defendant Snider provided sporadic monthly updates and continuously informed Plaintiff's team that construction was proceeding on budget and on time.[27] It also shows evidence that Snider represented that he had used the money Plaintiff sent to purchase building materials in advance for later use in construction.

The fact that Plaintiff received some photographs of the construction site does not destroy the possibility that Plaintiff's reliance was reasonable. Because some of Snider's statements were about the *purchase* of building materials for *later* use in construction, the fact that the photographs depicted little progress is of little consequence; short of demanding pictures of the allegedly purchased (but not yet delivered or installed) goods, Plaintiff had little choice but to rely on Defendant Snider's representations. In addition, Defendant Snider's email to Plaintiff's representatives attaching "current draw with invoices" and including "I am ordering the roofing material needs a very long lead time" provides a basis from which a jury could conclude that Plaintiff tried to confirm Defendant Snider's statements in the only way it could.[28]

The Court finds that a jury could reasonably conclude that Plaintiff justifiably relied on Defendant Snider's statements that the construction materials had been purchased.

---

[25] *Lepera v. Fuson*, 83 Ohio App.3d 17, 26 (Ohio App. Ct. 1992).
[26] *Id.; see also Togo Int'l, Inc. v. Mound Steel Corp.*, 106 Ohio App.3d 282, 286-87 (Ohio App. Ct. 1995).
[27] *See, e.g.,* Docs. 50-5 at 2, 50-6 at 2; 50-7 at 2; 50-9 at 2.
[28] Doc. 50-5 at 4.

Case No. 1:13-cv-415
Gwin, J.

**B.     Fraud by Omission**

Defendant Snider's argument that Plaintiff's fraud by omission claim cannot survive also loses.

To bring a fraudulent omission claim, a plaintiff must show: (1) a duty to disclose the material fact at issue; (2) failure to disclose; (3) reliance; and (4) damages.[29]

Defendant Snider's argument regarding the fraud claim being precluded by a breach of contract fails for the same reason that this argument failed with regard to the fraud and misrepresentation claim: because Plaintiff has no breach of contract action against Defendant Snider personally, tort damages are not redundant and Ohio law does not preclude this fraud claim.[30]

Similarly, any argument suggesting that an omission by Defendant Snider would simply have been a matter of opinion fails (as it did above) in light of the evidence suggesting misrepresentations about Defendant Snider's prior actions.

Defendant Snider's final argument that "Plaintiff's claim must fail because the alleged misrepresentations were on items subject to common observation and ordinary vigilance" also loses.[31] It is true that the construction site was observable and Plaintiff could have seen whether a window, wall, or roof was in the process of being constructed. The ultimate use of Plaintiff's wired money, however, was not observable.

Viewing the evidence in the light most favorable to Plaintiff, Defendant Snider failed to tell Plaintiff's agents that Plaintiff's wired money did not go toward purchasing materials; he failed to tell the that building materials had *not* been purchased for later use in construction (as he said they

---

[29] *Burr*, 23 Ohio St. 3d at 73.
[30] *See Onyx,* 407 F. Supp. 2d at 877.
[31] Doc. 46-1 at 9-10.

Case No. 1:13-cv-415
Gwin, J.

were).

These were facts that Defendant Snider omitted that Plaintiff could *not* have ascertained by sending someone to the construction site. Rather, for the same reason why evidence exists from which a reasonable jury could conclude that Plaintiff's were justified in its reliance on Snider's statements, a reasonable jury could conclude that Defendant Snider's omissions were not subject to common observation and ordinary vigilance.

### IV. Conclusion

For the reasons above, the Court **DENIES** Defendant's motion for summary judgment.

IT IS SO ORDERED.

Dated: February 4, 2014            s/     *James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE