UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ONB RIDGE VILLA ONE, LLC, | CASE NO. 1:13-cv-415 |
|     Judgment Creditor, | OPINION & ORDER [Resolving Doc. 123] |
| vs. | |
| DAVID B. SNIDER, | |
|     Judgment Debtor, | |
| and | |
| ROBIN SNIDER, *et al.*, | |
|     Third-Party Claimants. | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Judgment Creditor, ONB Ridge Villa One, LLC ("ONB"), seeks garnishment of certain assets formerly in the possession of Judgment Debtor, David Snider. Claimants,[1] the spouse and children of Snider, argue that Snider lawfully transferred or disclaimed any interests in the disputed assets, making Claimants the lawful owners. In response, Creditor ONB claims the transfers were fraudulent and that the property remains subject to garnishment.

With this opinion, the Court decides whether Snider's earlier assignments of Snider's interest in various assets and whether Snider's disclaimer of interests in certain trusts, stops ONB's efforts to garnish that property and trusts.

In February 2013, Judgment Creditor ONB sued Snider, alleging fraud and conversion

---

[1] Third-Party Claimants include the spouse of David Snider, Robin Snider, and the children of David and Robin Snider, Margaret Snider, Madison Snider, Myles Snider, and Liam Snider (collectively, the "Snider children").

of money. Plaintiff ONB contended it had entered a contract to have Snider's company construct an expensive home in the Virgin Islands and that Snider's company and Snider broke the construction contract and misappropriated ONB construction payments.[2]

In March 2014, the parties settled the lawsuit with Snider agreeing to pay $750,000 to Judgment Creditor ONB.[3] In August 2015, after Snider's failure to satisfy his debt to ONB, this Court granted ONB's motion to enforce the Settlement Agreement.[4] The Court entered a judgment against Snider in the amount of $700,000.[5] That judgment remained uncollected.

On March 12, 2019, this Court issued a Notice of Garnishment to the Trustees of various trusts associated with Snider.[6]

The Garnishees responded that Snider earlier assigned some of the property and Snider earlier disclaimed his interest in various trusts.[7]

Third-Party Claimants seek dismissal of the garnishment proceedings and attorneys' fees and costs in respect to the present complaint.

For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Third-Party Claimants' request to vacate the garnishment order and **DENIES** Third-Party Claimants'

---

[2] Doc. 1.
[3] Docs. 97, 99.
[4] Doc. 100.
[5] Doc. 102.
[6] Doc. 113.
[7] Doc. 122.

request for attorneys' fees and costs.

## Discussion

**A. Trust Disclaimer**

The Court previously garnished several trusts belonging to Judgment Debtor Snider.[8] The Snider Children Claimants allege that Snider earlier disclaimed any interest in these Trusts and that the Children Claimants now own Snider's former interests in the Trusts. The Children thus argue that ONB cannot collect from the Trusts proceeds.

The Court largely agrees.

"A disclaimer . . . is final and binding upon all persons."[9] "[N]o creditor of a disclaimant may avoid a disclaimer."[10]

Judgment Creditor argues that the Trusts may still be garnished, because Snider's disclaimers were fraudulent transfers. However, Creditor ONB's argument runs into the explicit Ohio Rev. Code § 5815.36(N)(2) language that states that "[a] disclaimer is not considered a transfer or conveyance."

In support of its argument that a disclaimer can be avoided, ONB relies on a 2013 Ohio Court of Appeals case. But that 2013 case used precedent that pre-dates the enactment of § 5815.36(N)(2).[11]

---

[8] These trusts include of the Snider Family Irrevocable Trust dated March 7, 1991, the Patricia Ellen Snider Investment Trust dated September 1, 1999, the Willian J. Snider Irrevocable Trust dated July 27, 1993, the Patricia E. Snider Revocable Trust dated February 24, 1993, and the William J. Snider Sr. Revocable Trust dated February 2, 1993 (collectively, "the Trusts").
[9] Ohio Rev. Code § 5815.36(M).
[10] Ohio Rev. Code § 5815.36(N)(2).
[11] Judgment Creditor ONB relies on *Walters v. Walters*, a 2013 Court of Appeals of Ohio case which in turn relies solely upon *Stein v. Brown*, a 1985 Supreme Court of Ohio decision, for the proposition that the fraudulent transfer statute should be applied to disclaimers. *Walters v. Walters,* No. 12 JE 17, 2013 WL 3179101, at *6-8 (Ohio Ct. App. June 17, 2013) (citing *Stein v. Brown,* 480 N.E.2d 1121 (1985)). Since the Supreme Court's decision in *Stein,* however, the disclaimer statute has been amended to include an explicit provision which excludes disclaimers from being considered transfers or conveyances. *Walters* was decided shortly after the revised version of the statute went into effect, but nonetheless still

Case No. 1:13-cv-415
Gwin, J.

The Court sees no reason to ignore the explicit language of the statute. Under Ohio law, a disclaimer is not a transfer or a conveyance and therefore the fraudulent conveyance statutes do not apply.

Still, Claimants have not shown that Snider disclaimed *all* the garnished trusts. Specifically, they provide no evidence of any disclaimer by Snider of any interests in the William J. Snider Irrevocable Trust dated July 27, 1993. Neither the briefing from Claimants nor from Judgment Creditor addresses this omission. Thus, the Court will not lift the Amended Garnishment Order as to this trust.[12]

Accordingly, the Court grants Claimants' motion to vacate the Amended Garnishment Order as to the Trusts, except for the William J. Snider Irrevocable Trust.

### B. Transfer of the Notes and Interests in Various LLCs

Creditor ONB also initiated garnishment against certain of Snider's promissory notes and interests in limited liability companies ("LLCs"). Claimants allege that, in 2008, David Snider assigned the notes to Robin Snider.[13] Additionally, Claimants allege that in 2009, Judgment Debtor Snider assigned his interests in three LLCs to Robin Snider.[14]

Due to the assignments, Snider's wife and children argue that the notes and any interests in the LLCs belong solely to Robin Snider and are therefore not subject to the Court's garnishment order. Judgment Creditor ONB responds that the assignments were fraudulent transfers and therefore invalid.

---

relies upon *Stein* and makes no mention of the revised law's direct contradiction of the decision in *Stein*. *Walters,* 2013 WL 3179101, at *6-*8.

[12] Although Claimants likewise do not present evidence of the disclaimer of the Patricia Ellen Snider Investment Trust, Garnishees' Answer indicates that Snider's gift in that trust was canceled on September 12, 2013 and that Snider later disclaimed his interest in the trust on February 28, 2016. Doc. 122-1.

[13] Doc. 123 ¶ 2.

[14] *Id.* ¶ 5.

Case No. 1:13-cv-415
Gwin, J.

Under the Ohio Uniform Fraudulent Transfer Act, claims for fraudulent transfers must be made within four years of the transfer.[15] The challenged assignments were made in 2008 and 2009. The statute of limitations for ONB's fraudulent transfer claim has expired.

The statute gives an exception to the four-year bar for cases of actual fraud that are brought within one year of when the plaintiff could have reasonably discovered the fraud.[16] This exception does not apply here.

As noted previously, this Court entered judgment in favor of ONB in 2015. Nonetheless, ONB failed to seek writs of execution or issue subpoenas until three years later. Judgment Creditor has offered no reasons for the years of delay. All the "badges of fraud"[17] cited by ONB would have become obvious as soon as ONB sought information regarding these assets or shortly thereafter. As such, more than one year has expired since the alleged fraudulent assignment of the assets could have been discovered by Judgment Creditor ONB.

Still, while the Snider wife and children Claimants state that "any distributions made relative to the limited liability companies identified by the trustees . . . were made . . . in accord with the LLC Assignments," the referenced assignments confusingly only pertain to three of the LLCs identified in Garnishees' Answer.[18]

The Garnishees' Answer identifies a fourth LLC, Medina Road No. 2 LLC. Robin Snider

---

[15] Ohio Rev. Code § 1336.09(A)-(B).

[16] In the absence of guidance on this point from the Ohio Supreme Court, the Sixth Circuit has held that "the discovery rule starts to run, and a claim accrues, . . . when the plaintiff reasonably could have discovered the transfer's fraudulent nature." *In re Fair Finance Company*, 834 F.3d 651, 672 (6th Cir. 2016).

[17] Doc. 128 at 5. The three badges of fraud cited by ONB applicable to the notes and the assignment of the LLCs include: transfer to a relative, a lack of consideration for the transfer, and the use of the transferred assets to pay Snider's living expenses.

[18] Doc. 123 ¶ 6, Ex. E, Ex. F, and Ex. G.

received distributions from this entity.[19]

Claimants do not present any documentation dealing with the ownership or assignment of any interests in this LLC, and Judgment Creditor has also failed to address this omission. This Opinion therefore only disposes of the claims regarding 5191 Turney LLC, Eastwood Turney LLC, and Oakview Turney LLC.[20]

Accordingly, the Court grants Claimants' motion to vacate the Amended Garnishment Order as to the Notes and the assigned interests in the three LLCs. The Amended Garnishment Order will remain in effect as to the Medina Road No. 2 LLC.

**C. Attorneys' Fees**

Claimants request attorneys' fees and costs.[21] In support of their request, Claimants cite to Ohio Rev. Code § 2715.40, which makes the fee award statue covering third-party claims to property seized by execution applicable to matters involving *attachment* proceedings.[22] The Court fails to see how either of these provisions apply to this *garnishment* proceeding. Claimants have not cited any cases in support of this broad application of the statute, nor has the Court identified any. Accordingly, Claimants' request for attorneys' fees is denied.

For the foregoing reasons, the Court **GRANTS IN PART** Claimants' request to dismiss

---

[19] Doc. 122-1 at 3.
[20] Doc. 123 ¶ 5.
[21] Doc. 130 at 9-10.
[22] Ohio Rev. Code § 2715.40 (referencing Ohio Rev. Code § 2329.85).

Case No. 1:13-cv-415
Gwin, J.

the Amended Garnishment Order and **DENIES** Claimants' request for attorneys' fees.

IT IS SO ORDERED.


Dated:  August 26, 2019              *s/         James S. Gwin*
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT JUDGE